IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL A. HAINES,           )
                            )
        Plaintiff,          )
                            )
    vs.                     )   Civil Action No. 11-309
                            )
MICHAEL J. ASTRUE,          )
COMMISSIONER OF SOCIAL SECURITY, )
                            )
        Defendant.          )

O R D E R

AND NOW, this 29th day of March, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff raises a number of grounds on which he believes the Administrative Law Judge ("ALJ") erred in finding him to be not disabled. However, his arguments have no merit, and whatever imperfections do appear in the ALJ's findings do not warrant a remand.

One of Plaintiff's contentions is that the ALJ failed to consider his asthma at Step Two of the analysis. He raised this issue the first time this case was before this Court as well. The Court at that time stated that it agreed with the ALJ that the record established that Plaintiff's asthma has no more than a minimal effect on his work capacity. There is nothing new in the record that would change this finding. The Court also explained at that time that the Step Two determination as to whether Plaintiff is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's asthma to be non-severe.

However, even if an impairment is non-severe, it may still affect a claimant's residual functional capacity ("RFC"). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). See also 20 C.F.R. §§ 404.1545(a)(2); 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's asthma to be severe does not mean that this condition could not still have affected Plaintiff's RFC. Nonetheless, the ALJ referenced the Plaintiff's asthma, and was aware of the condition, in determining

Plaintiff's RFC (R. 450, 457), and substantial evidence supports her findings. Indeed, the Court does not see anything in the record that would suggest additional limitations from Plaintiff's asthma not already included in Plaintiff's RFC, nor has Plaintiff suggested any.

Plaintiff also argues that the ALJ erred in her Step Three determinations by failing to adequately discuss whether Plaintiff met several listings. The primary problem with this argument is that he does not attempt to establish that he actually meets any of these listings, and nothing in the record suggests that he does. He argues only that the ALJ failed to address all of the relevant issues. However, none of the alleged deficiencies require a remand. For instance, Plaintiff points out that the ALJ cited to Listing 5.05 (Chronic Liver Disease) rather than Listing 5.06 (Inflammatory Bowel Disease), see 20 C.F.R. § 404, Subpt. P, App. 1, §§ 5.05, 5.06, in analyzing Plaintiff's Crohn's Disease at Step Three, but the record makes it very clear that this is a mere typographical error and that the ALJ did, indeed, engage in the proper analysis under Listing 5.06. (R. 454). In fact, the ALJ specifically cited to the factors in that listing, which are very different from those in 5.05. Further, Plaintiff argues that the ALJ did not consider his obesity in determining whether he met a listing. While his obesity was not expressly discussed in the part of the ALJ's decision pertaining to Step Three, both his obesity and his issues with his weight were discussed at length throughout the decision, and the ALJ was clearly aware of the issue. (R. 448, 449, 450, 457). Moreover, there is no indication that Plaintiff's obesity would have any impact on the ALJ's determinations at Step Three. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005).

Plaintiff further argues that remand is appropriate because the ALJ failed to mention Global Assessment of Functioning ("GAF") scores of 45 and 44 assigned by Drs. James W. Millward, M.D., and Peter Saxman, Ph.D., respectively, in determining his RFC. GAF scores do not directly correlate to a determination of whether an individual is or is not disabled under the Act:

> The GAF scale, which is described in the DSM-III-R (and the DSM-IV), is the scale used in the multiaxial evaluation system endorsed by the American Psychiatric Association. It does not have a direct correlation to the severity requirements in our mental disorders listings.

65 Fed. Reg. 50746, 50764-65. While under certain circumstances a GAF score can be considered evidence of disability, standing alone, a GAF score does not evidence an impairment seriously interfering with a claimant's ability to work. See Lopez v. Barnhart, 78 Fed. Appx. 675, 678 (10th Cir. 2003). GAF scores may indicate problems that do not necessarily relate to the ability to hold a job. See id.; Zachary v. Barnhart, 94 Fed. Appx. 817, 819 (10th Cir. 2004); Wilkins v. Barnhart, 69 Fed. Appx. 775, 780 (7th Cir. 2003); Howard

3

v. Commissioner of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002); Power v. Astrue, 2009 WL 578478, at *8 (W.D. Pa. Mar. 5, 2009). Nonetheless, a GAF score is evidence that an ALJ should consider in determining a claimant's impairments and limitations in setting forth the claimant's RFC and in fashioning a hypothetical question to the vocational expert ("VE"). See Irizarry v. Barnhart, 233 Fed. Appx. 189 (3d Cir. 2007).

Of course, an ALJ need not discuss every piece of evidence in the record, see Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001), and GAF scores are not afforded any unique status in that they must expressly be discussed and analyzed in all cases. The Court must look at the overall context. For instance, in Gilroy v. Astrue, 351 Fed. Appx. 714 (3d Cir. 2009), the Third Circuit Court of Appeals held that remand was not required where the ALJ did not reference a GAF score of 45 assigned by the treating psychiatrist where the ALJ did refer to observations from the psychiatrist's reports and where the psychiatrist did not explain the basis for the GAF score. Here, the GAF score of 44 assigned by Dr. Saxman, a one-time examining consultant, was consistent with his finding of serious work limitations. (R. 526-31). However, the ALJ gave little weight to that opinion and adequately explained her reasons for doing so. (R. 452-53, 454, 457). There was no need to specifically discuss a GAF score that was in line with the consultant's opinion when the ALJ squarely addressed the far more specific work-related limitations set forth in that opinion and gave them little weight.

Dr. Millward assigned a GAF score of 45 once in June 4, 2003. (R. 238). In his accompanying report, he set forth no specific work-related limitations. However, he later opined far more directly on Plaintiff's ability to work, stating that it appeared that Plaintiff could hold a job. (R. 363). Although the ALJ did not specifically mention the GAF score assigned on June 4, she did extensively discuss Dr. Millward's examination of Plaintiff on that date and his treatment of Plaintiff generally. (R. 451-452, 457). The ALJ rightly focused her discussion more on Dr. Millward's far more specific work-related findings than on an amorphous GAF score. It must be emphasized that the ALJ did not "pick and choose" from different GAF scores, choosing the one that would weigh against disability. Rather, she discussed the findings and opinions of the treating and consulting professionals at length without specifically mentioning GAF scores that would not have altered the analysis. The Court further notes that the earlier ALJ decisions in this case both referenced Dr. Millward's assigned GAF score (R. 19, 38), and it would seem to follow that the ALJ, although not the author of those decisions, would have been well-aware of the score.

Plaintiff further argues that the ALJ's RFC determination is insufficient because it fails expressly to include a statement that he is moderately limited in his ability to maintain concentration, persistence, and pace, citing Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004). However, that case is inapposite. First, in Ramirez, the ALJ found that the claimant "often" suffered from deficiencies of concentration, persistence, or pace,

4

resulting in a failure to complete tasks in a timely manner, and that the ALJ's RFC determination that the claimant was limited to simple, repetitive one or two-step tasks did not sufficiently take the claimant's deficiencies into account. Here, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, or pace. Plaintiff is correct that the Social Security regulations pertaining to mental impairments were revised, and the evaluation of concentration, persistence, and pace was changed from a five-point scale based on the frequency of the deficiencies to the current five-point severity scale, and both "often" and "moderate" occupy the middle position in their respective scales. See Reynolds v. Commissioner of Soc. Sec., 2011 WL 3273522, at *13 (W.D. Pa. July 29, 2011). Nonetheless, recent Third Circuit decisions have distinguished Ramirez based on the difference between "often" suffering from these deficiencies and being "moderately" limited in those areas. See McDonald v. Astrue, 293 Fed. Appx. 941, 946-47 (3d Cir. 2008) (noting that the ALJ properly accounted for his finding that the claimant had moderate limitations in concentration by limiting him to simple, routine tasks). See also Menkes v. Astrue, 262 Fed. Appx. 410, 412 (3d Cir. 2008) ("Having previously acknowledged that [the claimant] suffered moderate limitations in concentration, persistence and pace, the ALJ [properly] accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.'").

More importantly, in Ramirez, the ALJ had limited the claimant to simple, repetitive one or two-step tasks. Here, the mental limitations found by the ALJ were far more extensive. Plaintiff was not only limited to simple, routine, repetitive tasks, he was also limited to work not performed in a fast-paced work environment and that involved only simple work-related decisions and, in general, relatively few workplace changes. These limitations go far beyond a limitation to simple, repetitive one or two-step tasks and clearly account for Plaintiff's deficiencies in concentration, persistence, and pace.

Finally, Plaintiff argues that the testimony of the VE was not consistent with the Dictionary of Occupational Titles ("DOT") and, therefore, did not constitute substantial evidence upon which the ALJ could rely. However, he points to an actual inconsistency in regard to only one of the four jobs the ALJ found Plaintiff could perform. While he does also correctly state that DOT No. 692.658-194 does not refer to the stamping operator position, DOT No. 652.682-030 does refer to the position of stamping press operator (any industry), a position requiring only light work and a reasoning level of 2. Accordingly, the only job alleged to be inconsistent is the drill punch operator position, which Plaintiff accurately states is listed as a medium job in the DOT. However, even factoring out this position, there are still a significant number of jobs in the national economy that Plaintiff can perform. Indeed, the VE testified to four additional jobs that Plaintiff could perform at the sedentary level. Moreover, any "conflict" regarding whether employers allow employees to be off task more than 90 percent of the time is irrelevant, because the ALJ found no such limitation. The Court

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf: Counsel of record

---

further notes that, Social Security Ruling 00-04p notwithstanding, an unexplained conflict between a VE's testimony and the DOT does not require remand if substantial evidence supports the ALJ's findings. See Rutherford, 399 F.3d at 557; Boone v. Barnhart, 353 F.3d 203, 209 (3d Cir. 2003). Moreover, minor unexplained inconsistencies do not necessarily warrant a remand. See Rutherford, 399 F.3d at 558.

While the ALJ's decision probably could have been drafted with more precision, in the end, nothing in the decision mandates remand. Substantial evidence supports the finding that Plaintiff is not disabled.